UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X

IIT, *an International Investment Trust*, et al. :

Plaintiffs,     :     76 Civ. 1547 (CES)

-against-       :     ORDER

INTERNATIONAL CONTROLS      :
CORPORATION, et al.

Defendants.     :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

      Eugene R. Anderson, Esq. ("Movant") moves to unseal Docket No. 56, a sealed envelope described as containing settlement agreements, dated November 29, 1990 (the "Sealed Envelope"). Because this thirty-three year old case is closed and the district judge to whom it was assigned has died, the application was referred to the Part I Judge. For the following reasons, Movant's application is denied.

      This action brought by an international investment trust, its liquidators, and bankruptcy trustee arose from a massive fraud orchestrated by defendant Robert Vesco ("Vesco"). Movant and his law firm Anderson Kill served as Plaintiffs' counsel. When the fraud was unearthed, Vesco fled the United States and eventually settled in Cuba, where he allegedly died in 2007. Movant contends that the Sealed Envelope contains instructions by the late Judge Charles E. Stewart, Jr., regarding what to do in the event Vesco returned to the United States. The law firm of Willkie Farr, & Gallagher, LLP, one of the defendants in this action, opposes Anderson's application asserting that based on a review of its records, the Sealed

-1-

Envelope contains only confidential Settlement Agreements with Movant's client that were sealed by order of Judge Stewart pursuant to the protective order entered in this case, and that there is absolutely no justification to modify the protective order to unseal it.

"Where there has been reasonable reliance by a party or deponent, a District Court should not modify a protective order granted under Rule 26(c) 'absent a showing of improvidence in the grant of [the] order or some extraordinary circumstance or compelling need.'" S.E.C. v. TheSteet.com, 273 F.3d 222, 229 (2d Cir. 2001) (quoting Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291, 296 (2d Cir. 1979)). The Court of Appeals has presumed such reliance in cases involving settlement agreements filed with the Court. See City of Hartford v. Chase, 942 F.2d 130, 136 (2d Cir. 1991) (concluding that decision to seal settlement documents was not improper because "a judicial assurance of confidentiality was a prerequisite to the parties' decision to settle their dispute"). Indeed, "the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases." Schoeps v. Museum of Modern Art, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009) (citing United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 857 (2d Cir. 1998)); see also Palmieri v. State of N.Y., 779 F.2d 86, 864 (2d Cir. 1985) (noting "need of our district courts and civil litigants to facilitate efficient resolution of disputes through negotiated settlements").

Here, Movant has made no showing of extraordinary circumstances or a compelling need. The death of a fugitive fraudster does not create the kind of compelling need or extraordinary circumstances to warrant unsealing confidential settlement agreements. Moreover, it is not clear to this Court that Anderson has standing to bring this motion considering his clients were liquidated decades ago. However, in an abundance of caution, this

Court inspected the envelope, <u>in camera</u>, and determined that there are no instructions from Judge Stewart regarding what should be done in the event of Vesco's return. It merely contains two settlement agreements—both of which are signed by a lawyer from Anderson Kill. Accordingly, this Court denies the motion to unseal the Sealed Envelope.

Dated: September 21, 2009
      New York, New York

                                 SO ORDERED:

                                 WILLIAM H. PAULEY III
                                 U.S.D.J.

*Counsel of Record:*

Eugene R. Anderson, Esq.
Anderson Kill & Olick, P.C.
1251 Avenue of the Americas
New York, NY 10020
*Counsel for Movant*

Robert J. Kheel, Esq.
Willkie Farr & Gallagher, LLP
787 Seventh Avenue
New York, NY 10019-6099
*Counsel for Defendant*

-3-